In the Matter of the Estate of GEORGE WAGNER, Deceased.

Surrogate's Court, Bronx County, July 10, 1930.

*Isidor Tankus* and *Kadel, Van Kirk, Trencher & Villamena*, for the executors.

*Merkle & Merkle*, for objectants Katharina Wagner and Catherine M. Wagner.

*William Lyman*, for objectant Katie Rooney.

*Arthur Moritz*, for objectants Annie Goldsmid and Henry Wagner.

*Henry G. Schackno*, special guardian.

HENDERSON, S. During the contested proceeding for the probate of decedent's will, an agreement was entered into under date of March 29, 1928, by the parties, including all those interested in the present question, under which the objections were withdrawn and the will admitted to probate on May 11, 1928.

The executors have filed their account and petition for the judicial settlement thereof. They have presented a decree and claim

commissions on the entire estate, including a mortgage on real estate and a parcel of real property. The only objections to the account are directed against the amount of such commissions. The parties interested in the residue under said agreement contend that the executors are not entitled to any commission on said real property, and to less commission on said mortgage than the executors claim because the assignees thereof realized less than its face value and its value as appraised in the transfer tax proceeding.

Neither the real property nor the mortgage was a specific gift under the will which gives to *three* children the residuary estate including these items. The said agreement provided, *inter alia,* that the residue be divided equally among *four* children; that the child who was not entitled to any part of the residue under the will pay to the widow the value of the latter's dower in said real property; that the widow execute and deliver to the executors a release of such dower; that the executors " immediately upon the probate " of said will assign said mortgage and deliver a deed of said real property to said *four* children at valuations therein expressed, and that said " real property be delivered free and clear of any and all encumbrances, such as mortgages, taxes, assessments, and any other liens of any kind or nature."

On May 15, 1928, a deed conveying said real property to said *four* children, subject to taxes and water rents of record in the sum of $708.86, was executed by the executors, and on May 25, 1928, said deed was recorded in the Bronx county register's office. Although no money passed to the executors, the consideration was expressed in the deed at the value set forth in said agreement and the grantees were charged with the amount thereof as payment on account of their distributive shares under the agreement. One of these grantees was not entitled to any part of said real property under the will, and I hold that the executors received and distributed such real property within the purview of section 285 of the Surrogate's Court Act, and that such conveyance was an exercise by the executors of the power of sale given them in the will.

The executors assigned said mortgage to the *four* children by an instrument dated May 15, 1928, and recorded in the said register's office on June 12, 1928. No money passed, but the consideration expressed in the assignment was the face value of the mortgage which was the value set forth in the agreement, and the assignees were charged with that amount as payments on account of their distributive shares under the agreement. The agreement also provides: " That the executors named in the said Last Will and Testament, * * * shall be paid the full commissions to which they are entitled for receiving and distributing this

If the parties who entered into said agreement during the probate proceeding, did not mean thereby to expressly include the said real property in the computation of commissions, there would be no reason whatever for including the above-quoted provision in their agreement, as the executors' rights to commissions on the balance of the estate is not assailable under the statute in the absence of neglect or misconduct.

The agreement set forth the value of the mortgage as $34,375, and the value of the real property as $30,000. The facts that the same were appraised in the transfer tax proceeding as of the date of decedent's death, August 27, 1927, at different figures, and that the grantees and assignees later realized different amounts, are not conclusive of the values at the date of the agreement whereunder the executors were to execute and deliver the deed and the assignment. The parties now objecting then fixed the above values themselves and expressed such valuation in their agreement. I determine the values at the amounts so agreed upon by the interested parties, deducting, however, the amount of the unpaid taxes and water rents from the agreed value of the real property. Among the provisions of said agreement were those which required the *fourth* child to pay the value of the dower to the widow, and which required the widow to deliver to the executors a release of her dower interest. Such payment was made by said child out of her share when the *four* children sold the real property, and I hold that the value of such dower should not be deducted from the value of the real property as fixed by the agreement. As the gross value of the principal accounted for exceeds $100,000, each of the two executors are entitled to and will be allowed a full commission as such on the principal and interest.

Redraft the decree heretofore noticed for settlement and insert the proper figures therein in accordance herewith.